# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORANGE COUNTY COASTKEEPER, a California non-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN JUAN CAPISTRANO, a California municipal corporation; BLENHEIM FACILITY MANAGEMENT, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 8:17-cv-00956-JLS-DFM <br><br> **THIRD AMENDMENT TO CONSENT DECREE** |

61147.20032\42310787.1

## THIRD AMENDMENT TO CONSENT DECREE

The following Third Amendment to the Consent Decree is entered into by and between Plaintiff Orange County Coastkeeper ("Coastkeeper"), Defendant City of San Juan Capistrano ("City"), and Action Sports Management Group, LLC dba The Ridland Group ("TRG"), successor-in-interest to Defendant Blenheim Facility Management, LLC ("Blenheim") for purposes of this Consent Decree. The entities entering into this Consent Decree Amendment (this "Amendment") are each an individual "Settling Party" and collectively the "Settling Parties."

## RECITALS

A.      WHEREAS, Coastkeeper is a non-profit public benefit corporation organized under the laws of the State of California;

B.      WHEREAS, Coastkeeper's mission is to promote and restore water resources that are drinkable, fishable, swimmable, and sustainable for present and future generations;

C.      WHEREAS, City owns certain real property commonly known as "Rancho Mission Viejo Riding Park at San Juan Capistrano" ("Riding Park"), which is located at 30753 Avenida La Pata, San Juan Capistrano, California 92675 ("Property").  The Property is bounded on one side by San Juan Creek ("Creek").

D.      WHEREAS, the City contracted with Blenheim to manage and operate the Riding Park in accordance with the terms and provisions of a series of Management Agreements. The Riding Park's permitted uses are limited to hosting sporting events, equestrian events, and community recreational and sports-related activities.

E.      WHEREAS, on or about July 5, 2017, Coastkeeper filed a First Amended Complaint in the Action against Defendants City and Blenheim ("Defendants"). The First Amended Complaint alleged, among other claims: (1) that the Riding Park operated as a large concentrated animal feeding operation ("CAFO") discharging without a National Pollutant Discharge Elimination System ("NPDES") permit; (2)

61147.20032\42310787.1

alternatively, that the Riding Park operated as a medium CAFO discharging without an NPDES permit; and (3) that the Riding Park discharged storm water without General Industrial Storm Water Permit coverage.

F.       WHEREAS, Coastkeeper contended that Defendants' operations at the Riding Park and in San Juan Creek result in discharges of pollutants directly into San Juan Creek or into onsite tributaries, which flow into the Creek, and ultimately the Pacific Ocean ("Receiving Waters") and further contended that those discharges are regulated by the Clean Water Act, sections 301(a), 402, 33 U.S.C. §§ 1311(a), 1342;

G.       WHEREAS, Defendants denied all allegations and claims contained in the Notice letters and Coastkeeper's Complaint and First Amended Complaint filed in the Action and reserved all rights and defenses with respect to such allegations and claims;

H.       WHEREAS, the Parties entered into a Consent Decree that was entered by this Court on November 13, 2018;

I.       WHEREAS, the Parties entered into an Amendment to the Consent Decree that was entered by this Court on January 11, 2023, which extended the deadline for certain capital improvements to be constructed for retaining storm water from the Riding Park from December 31, 2022, to March 31, 2024;

J.       WHEREAS, from January 1, 2018, to June 20, 2023, Blenheim managed the Riding Park pursuant to a series of short-term management agreements while Defendants negotiated a long-term lease of the Riding Park;

K.       WHEREAS, TRG became the successor-in-interest to Blenheim for purposes of this Consent Decree, and on July 1, 2023, entered into a twenty-year ground lease with the City for use of the Riding Park. In relevant part, the lease requires TRG to perform the necessary Consent Decree improvements on a timeline that complies with the Consent Decree;

L.       WHEREAS, the Settling Parties entered into a Second Amendment to the Consent Decree that was entered into by this Court on April 14, 2024, which provided

a two-week extension of the terms of the Consent Decree until April 15, 2024, to allow for additional time to negotiate the terms of a potential extension of, and amendment to, the Consent Decree;

M.      WHEREAS, the City and TRG were unable to comply with the deadline for certain capital improvements to be constructed for retaining stormwater by April 15, 2024, thus requiring the City and TRG to suspend equestrian events at the Riding Park;

N.      WHEREAS, the City and TRG have since re-evaluated the ability to make sufficient improvements to the Riding Park to prevent the discharge of stormwater to the Creek; and

O.      WHEREAS, in its capacity as the City's lessee to the Riding Park, TRG has agreed to perform certain actions by dates certain as set forth below (and thus become a Settling Party). In addition to these actions, TRG also has agreed to complete site improvements, as technically feasible, which support implementation of the pollution prevention control measures under the Industrial General Permit, including, but not limited to, installing roof structures over the fuel station, maintenance shop, hay/bedding area, etc.

## **AGREEMENT**

NOW THEREFORE, it is hereby stipulated between the Settling Parties that the following amendments to the Second Amendment to the Consent Decree filed on April 4, 2024, be made:

A.      Paragraph 12 of the Consent Decree shall be amended to read as follows:

"12.  CAFO Production Area Infrastructure.  Subject to the provisions of Paragraph 15 of this Consent Decree, Settling Parties will design and construct improvements to the CAFO production area, including any land application area, at the Riding Park to retain all process waste water and storm water runoff from a 25-year, 24-hour rainfall event.  No equestrian events or equine stabling of over 25 horses shall occur at the Riding Park after December 31, 2024, unless and until Settling

Parties have met the requirements of this paragraph.  In addition, in its capacity as the City's lessee to the Riding Park, TRG commits to the following actions and deadlines:

12.1. TRG commits to perform the following prior to June 3, 2024, to immediately prevent discharges to the Creek or into onsite tributaries: (1) Preparing and implementing an "interim stormwater control plan" for Summer 2024 including an engineering/design plan such that the grass field can retain a 25-year, 24-hour storm event from the CAFO Production Area as shown in Attachment A, which plan will include but not be limited to the plugging of storm drain pipes, and maintenance grading in various roadway areas of the site; (2) Preparing and implementing plans for (including obtaining the necessary equipment and/or materials for) a plastic sheet-lined pond (the "collection area") to be operated during summer 2024 (and until the final filtration system is finalized), capable of holding a 25-year, 24-hour storm event for treatment and disposal to SOCWA sewer system; (3) Maintenance grading of the northwest corner of the site, the northeast corner of the site, and the "intersection area" of the site to remove high points that may block flows and to otherwise insure drainage to the collection area; (4) Remove the westernmost wash rack; (5) Move the horse shower/cooling bath away from the edge of the Creek (on the east side of the barn area); and (6) Complete new topographic survey.  If TRG fails to perform/complete the activities in this section 12.1 by the deadline set forth above, TRG shall be responsible for penalties in the amount of $25,000 per day to go towards an environmentally beneficial project, payable to California State Parks Foundation (the "Foundation").

12.2   TRG commits to perform the following during the period May 15 – June 15, 2024: (1) IGP Notice of Termination (Blenheim); (2) Re-enrollment in IGP (new responsible party); and (3) update the facility SWPPP to include all improvements discussed in section 12.1.  If TRG fails to perform/complete the activities in this section 12.2 by the June 15 deadline set forth above, TRG shall be responsible for penalties in the amount of $5,000 per day to go towards an environmentally beneficial

project, payable to the Foundation.

12.3   TRG commits to perform the following during the period June 15 – August 15, 2024: (1) Install groundwater monitoring wells; (2) Address and resolve any CEQA compliance issues with the City; (3) Complete Attachment I documentation; and (4) Complete grading of containment structure (entry road, berm, etc.).  If TRG fails to perform/complete the activities in this section 12.3 by the August 15 deadline set forth above, TRG shall be responsible for penalties in the amount of $5,000 per day to go towards an environmentally beneficial project, payable to the Foundation.

12.4   TRG commits to perform the following by November 15, 2024: Complete construction of the infiltration system (pre-treatment system, infiltration gallery beneath the grass field, supplemental subsurface trenches if necessary, etc.).  If TRG fails to perform/complete the activities in this section 12.4 by the November 15 deadline set forth above, TRG shall be responsible for penalties in the amount of $5,000 per day to go towards an environmentally beneficial project, payable to the Foundation.

12.5. TRG commits to perform the following by December 15, 2024: Eliminate wash-rack holding tanks.  If TRG fails to perform/complete the activities in this section 12.5 by the November 15 deadline set forth above, TRG shall be responsible for penalties in the amount of $5,000 per day to go towards an environmentally beneficial project, payable to the Foundation.

12.6. TRG will provide Coastkeeper and the City with monthly progress reports as to the matters set forth in sections 12.1 through 12.5 above.

12.7. TRG will not hold equestrian events at the Riding Park after November 15, 2024, if it cannot retain all process wastewater and storm water runoff from a 25-year, 24-hour rainfall event.

12.8.  TRG will have complied with all outstanding requirements of the Consent Decree by December 31, 2024.  Any failure to comply with any term of this

61147.20032\42310787.1

Amendment by December 31, 2024, shall cause TRG to pre-emptively cancel all equestrian events for the 2025 calendar year and comply with Paragraph 15 of the Consent Decree.

12.9   If there is any discharge of process wastewater or storm water runoff from the CAFO Production Area of the Riding Park to the Creek after the effective date of this Amendment, TRG shall be responsible for penalties in the amount of $50,000 per day to go towards an environmentally beneficial project, payable to the Foundation.

12.10  City shall use its best efforts to, as quickly as feasible, review and process any necessary permit applications or other requested approvals concerning the matters addressed in sections 12.1 through 12.5 provided, however, that TRG comply with all City permit processes and lease conditions, including, but not limited to, the deposit of applicable permit fees, City review costs and necessary environmental review.

12.11 To satisfy Coastkeeper's claim for its fees and costs and expert/consultant fees and costs incurred in connection with this Amendment, TRG shall reimburse Coastkeeper in the sum of $62,500.00 (sixty-two thousand five hundred dollars), which shall be due sixty (60) days after Court approval of this Amendment. Payment will be made payable to: "Orange County Coastkeeper" and delivered by certified mail, overnight delivery, or wire transfer to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626.

12.12 TRG agrees to defray Coastkeeper's anticipated future monitoring of Defendants' compliance with this Amendment in the amount of $50,000.00 (fifty thousand dollars), which shall be due one hundred twenty (120) days after Court approval of this Amendment.  Payment will be made payable to: "Orange County Coastkeeper" and delivered by certified mail, overnight delivery, or wire transfer to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626."

12.13 For the avoidance of doubt, all penalties and costs expressly contemplated herein shall be the sole responsibility of TRG, and the City shall not be obligated for such penalties and costs.

B.      All other provisions of the Consent Decree shall remain in full force and effect, unaltered by this Amendment.

Dated: May 20, 2024                    ORANGE COUNTY COASTKEEPER

By: _____
Garry Brown
Executive Director
Orange County Coastkeeper

Dated: May 20, 2024                    CITY OF SAN JUAN CAPISTRANO

By: _____
Benjamin Siegel
City Manager
City of San Juan Capistrano

Dated: May 20, 2024                    CITY OF SAN JUAN CAPISTRANO

By: _____
Ryan M. F. Baron
Attorney for Defendant
City of San Juan Capistrano

///

///

///

///

///

///

///

///

61147.20032\42310787.1

Dated: May 20, 2024

THE RIDLAND GROUP

By: _____
Robert Ridland
The Ridland Group

By: _____
McCall Kuhne
Attorney for The Ridland Group

DATE OF COURT APPROVAL: May 24, 2024

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

61147.20032\42310787.1